UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

---------------------------------------------------------------- x
:
HOWMEDICA OSTEONICS CORP., a New :
Jersey Corporation and wholly owned subsidiary of :
STRYKER CORP., :
: 4:17-cv-00742
Plaintiff, :
: Hon. Gray H. Miller
- against - :
:
BIOMET SOUTH TEXAS, INC., a Texas :
Corporation; ZIMMER U.S., INC. d/b/a ZIMMER :
BIOMET, a Delaware Corporation; and BIOMET :
ORTHOPEDICS, LLC, an Indiana Limited :
Liability Company. :

Defendants.

----------------------------------------------------------------

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

Plaintiff Howmedica Osteonics Corp., a wholly owned subsidiary of Stryker Corporation ("Stryker"), by and through its attorneys, states the following for its Response in Opposition to Defendants Biomet South Texas, Inc., Zimmer US, Inc. d/b/a/ Zimmer Biomet, and Biomet Orthopedics, LLC's (collectively, "Defendants") Motion to Dismiss.

**I. INTRODUCTION**

Stryker properly brought suit against Defendants due to their tortious interference with both (1) Stryker's agreements with its former employees and (2) Stryker's relationships with its longstanding customers. Simply stated, Defendants are directing and incentivizing Stryker's former employees to breach their agreements with Stryker, then reaping the benefits of those breaches when Stryker's former employees solicit those longstanding customers to purchase Defendants' competing products instead of Stryker products. Defendants' Motion to Dismiss

should be denied because there is no legal requirement to include those former employees as defendants in this proceeding. Defendants' Motion must also be denied because Stryker's claims for tortious interference with prospective economic advantage and corporate raiding are proper under Texas law.

Stryker employed Andrew Ruggles ("Ruggles") and Carson Combs ("Combs") as sales representatives in the Houston, Texas area - Ruggles was terminated on November 14, 2016 and Combs resigned on November 18, 2016. (Dkt. 1 at ¶¶ 27, 28.)[1] At the time of their separation from Stryker, Ruggles and Combs were employed as Foot and Ankle sales representatives, selling Stryker's portfolio of foot and ankle surgical products to podiatrists and foot and ankle-trained surgeons in Houston. (*Id.* ¶ 30.) As part of their employment with Stryker, Ruggles and Combs signed agreements which contained reasonable post-employment restrictive covenants, including non-competition, non-solicitation, and confidentiality provisions. (*Id.* ¶ 33.)

Shortly after their separation from Stryker, Ruggles and Combs began working for Defendants in the Houston area, servicing the same customers and surgeons whom they serviced on behalf of Stryker. (*Id.* ¶¶ 61, 62.) Defendants are Stryker's direct competitors, and were aware of Ruggles' and Combs' restrictive covenants before hiring them. (*Id.* ¶ 91.) Despite their knowledge of those agreements, Defendants specifically directed and incentivized Ruggles and Combs to breach their Stryker agreements and solicit their former surgeon customers to purchase Defendants' competing products instead. (*Id.* ¶ 92.) Ruggles and Combs happily obliged, and managed to turn hundreds of thousands of dollars' worth of business away from Stryker to Defendants in just a few weeks, before Stryker filed suit against Defendants. (*Id.* ¶¶ 94.)

---

[1] The facts alleged in Stryker's Complaint are accepted as true for purposes of ruling on Defendants' Rule 12 Motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

The crux of Defendants' Motion to Dismiss is that Stryker's Complaint should be dismissed because Ruggles and Combs are necessary parties to this action, both because their employment agreements will be examined as part of this proceeding, and because Stryker seeks to enjoin Defendants as well as Ruggles and Combs from competing with Stryker in their former territory. In doing so, Defendants conflate the relief sought in Stryker's *Complaint* with the relief sought in Stryker's Emergency Motion for a Temporary Restraining Order (Dkt. 3), which was resolved by the parties' agreement to an Order granting injunctive relief. (Dkt. 15.) The only pleading properly considered under Defendants' Rule 12 Motion is Stryker's Complaint, which does not seek any relief - injunctive or otherwise - specifically from Ruggles or Combs. (Dkt. 1 at pp. 24-25.) The only applicable authority offered by Defendants in support of their argument that this case cannot proceed without Ruggles or Combs as parties is a single case from the District of Rhode Island which, as shown below, was incorrectly decided. No less an authority than the U.S. Supreme Court has clearly stated that Stryker is not required to include Ruggles or Combs in its Complaint against Defendants, which consists entirely of claims based in tort. Accordingly, Defendants' Motion should be denied. Alternatively, if the Court believes Ruggles and Combs should be joined to this matter, the Court can so order and they will be joined.

## II. ARGUMENT

### A. Neither Ruggles or Combs are Necessary Parties to this Action.

There is no authority in this Circuit holding that a party to a contract must be named as a defendant in a lawsuit claiming tortious interference with that contract. Instead, the thrust of Defendants' Motion rests upon a single case from the District of Rhode Island with only a few sentences of unpersuasive reasoning. *See Unetixs Vascular, Inc. v. CorVascular Diagnostics, LLC*, 2016 WL 6804972, *2, (D. R.I. Nov. 16, 2016). The District Court of Rhode Island's

decision is, respectfully, in the extreme minority of decisions, and turned in large part on the fact that the plaintiff in that action sought a declaratory judgment interpreting the contract at issue in addition to its tort claims. (*Id.*)

The vast majority of courts agree that parties to an agreement in this specific fact pattern are not *ipso facto* necessary parties to a lawsuit claiming tortious interference with the agreement. *See, e.g. XPO Logistics, Inc. v. Gallatin*, No. 13 C 1163, 2013 WL 3835358, at *3 (N.D. Ill. July 24, 2013) ("Although the existence of a valid and enforceable agreement between Express–1 and its former employees is a required element of plaintiffs' tortious interference with contract claim, this alone does not make the former employees necessary parties."); *Salton, Inc. v. Philips Domestic Appliances & Personal Care B. V.*, 391 F.3d 871, 880 (7th Cir. 2004) ("Just as in the closely related case of joint tortfeasors, there is no rule that you cannot sue the interferer without also suing the party to your contract whom the defendant inveigled into breaking the contract."); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1069 (N.D. Cal. 2005) (Native American Tribe which entered into a contract with plaintiff was not a necessary party in a lawsuit for tortious interference with that contract).

In a dispute where the State of Arkansas entered into a contract with a charitable foundation, then claimed that the State of Texas tortiously interfered with that contract, the Supreme Court rejected the argument that the foundation was an indispensable party to the lawsuit*:*

> Texas first argues that the William Buchanan Foundation is an indispensable party to the suit. We do not agree. The theory of the complaint is that Texas is interfering without legal justification with Arkansas' contract with a third person [the Foundation].… However appropriate it might be to join the Foundation as a defendant in the case…the controversy is between Arkansas and Texas—the issue being whether Texas is interfering unlawfully with Arkansas' contract.

*State of Ark. v. State of Tex.*, 346 U.S. 368, 369–70 (1953) (internal citations omitted).

The relief sought by Stryker's Complaint is solely directed toward Defendants, not Ruggles or Combs. The fact that Ruggles' and Combs' agreements may need to be interpreted as part of this dispute does not make them necessary parties because Stryker's claims are tort claims. *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, No. A-14-CA-877-SS, 2014 WL 7237411, at *8 (W.D. Tex. Dec. 17, 2014) ("While the Court may indeed need to consider Janssen's contractual obligations, St. Jude S.C.'s lawsuit sounds in tort and is distinct from Janssen's employment relationship with St. Jude Belgium/Netherlands.").

Moreover, contrary to Defendants' claims, nobody has "den[ied] Ruggles and Combs the opportunity to protect their interests through the interpretation of their own employment contracts." (Motion at p. 7.) If Ruggles and Combs wish to participate in this matter because they believe it is necessary to protect their interests (even though the Complaint does not seek monetary or injunctive relief from them), then Ruggles and Combs are free to seek leave to intervene. But there is simply no applicable case law holding that Stryker needs to name them as Defendants in order for this case to proceed, and Defendants' Motion to Dismiss on those grounds should be denied.

### B. There is No Risk of Inconsistent Rulings in Litigating this Matter Without Ruggles and Combs as Defendants.

Defendants next argue, again without citing any applicable authority, that Ruggles and Combs are necessary parties because litigating this matter in their absence creates the risk of "duplicative obligations to be imposed on Defendants." (Motion at p. 7). In doing so, Defendants simply assume that Ruggles' and Combs' liabilities are those of Defendants, and vice versa. There is no explanation offered in the Motion as to why, for example, a hypothetical second lawsuit brought by Stryker against Ruggles and Combs alone would lead to "duplicative obligations to be imposed on Defendants." (*Id.*) A second complaint against Ruggles and Combs

would seek relief from those two individuals - just as this Complaint only seeks relief from Defendants. There is no risk of "duplicative obligations" because Defendants are not the same entities as Ruggles and Combs, and Ruggles and Combs are not the same entities as Defendants.

The only case cited by Defendants in support of this conclusion, *Hood ex rel. Mississippi v. City of Memphis, Tennessee*, concerned a dispute among several cities and states as to the proportional rights to groundwater in an aquifer which ran across three states - the Fifth Circuit affirmed that Tennessee was a necessary party to that action because disposing of it would require the Court to first apportion the amount of water belonging to each state. *Hood ex rel. Mississippi v. City of Memphis, Tenn.,* 570 F.3d 625, 627 (5th Cir. 2009). That decision clearly has no application to this dispute - there is no common fund which Defendants, Ruggles, and Combs all share in which must first be apportioned as part of this lawsuit. Defendants' Motion on these grounds should be denied.

### C. This Court Can Afford Complete Relief In the Absence of Ruggles or Combs.

In arguing that Ruggles and Combs are necessary parties because the Court cannot award injunctive relief in their absence, Defendants again conflate the relief sought in Stryker's Complaint with the injunctive relief (which Defendants agreed to) which was sought in Stryker's Emergency Motion for Injunctive Relief. (Motion at p. 8.) Stryker's Complaint does not seek injunctive relief from Ruggles or Combs - Defendants' claim that Stryker's "requested relief targets the direct sales activities of [Ruggles and Combs]" is simply false. (*Id.*) Stryker's Complaint only seeks relief from the named Defendants, and asks the Court to Order them to stop incentivizing and directing Ruggles and Combs to breach their Stryker agreements. (Dkt. 1, pp. 24-25.) Nothing in Stryker's Complaint seeks an Order enjoining Ruggles and Combs themselves from doing anything. While Defendants cite to *Power-One, Inc. v. Artesyn*

*Technologies, Inc.* in support of the argument that an injunction cannot specifically name non-parties, that Court was considering a Motion for a Preliminary Injunction under Rule 65. *Power-One, Inc. v. Artesyn Techs., Inc.*, No. CIV. A. 2:05-CV-463, 2008 WL 1746636, at *1 (E.D. Tex. Apr. 11, 2008), aff'd, 599 F.3d 1343 (Fed. Cir. 2010). That holding is inapplicable because (1) first and foremost, Defendants already agreed to the injunction which they now complain should not have been entered and (2) that Motion does not seek the same relief as Stryker's Complaint, and the only pleading properly examined in Defendants' Rule 12 Motion is Stryker's Complaint.

There is similarly nothing offered to explain Defendants' conclusion that "any injunctive relief [Stryker] may be awarded against Defendants would inherently require the cooperation of Ruggles and Combs…" Stryker's Complaint asks this Court to order Defendants - and Defendants alone - to refrain from incentivizing or directing Ruggles and Combs to breach their agreements. Unlike the *Poret* decision cited by Defendants, where the missing party's consent was *required* to grant injunctive relief, whether Ruggles and Combs choose to "cooperate" with the relief sought by Stryker scenario is irrelevant. *Poret, on Behalf of Poret v. Louisiana High Sch. Athletic Ass'n*, No. CIV. A. 96-1194, 1996 WL 169241, at *3 (E.D. La. Apr. 8, 1996). The only parties being asked to refrain from doing anything in Stryker's Complaint are Defendants, and this Court certainly has the ability to fashion an equitable remedy granting the relief sought regardless of what Ruggles and Combs choose to do. *See Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2017 WL 2123560, at *13 (N.D. Cal. May 15, 2017) (without entering any injunctive relief directly against a former employee, ordering that individual's new employer to remove the employee from "any role or responsibility" related to alleged activity in breach of

restrictive covenant, and to direct all other employees to cease communications with the former employee).

### D. Defendants' Motion to Dismiss Counts II and V of the Complaint Should be Denied.

Finally, Defendants argue that Count II (Tortious Interference with Prospective Economic Advantage) and Count V (Corporate Raiding) should be dismissed because Texas does not recognize those causes of action. With regard to Count II, Defendants are simply wrong. *See Lone Star Steel Co. v. Wahl*, 636 S.W.2d 217, 219 (Tex. App. 1982) (discussing trial on claims for "breach of a written employment contract, tortious termination from employment and tortious interference with prospective economic advantage."); *Dell, Inc. v. This Old Store, Inc.*, No. CIV.A. H-07-0561, 2007 WL 2903845, at *4–5 (S.D. Tex. Oct. 3, 2007) ("Plaintiffs assert state law causes of action for…tortious interference with prospective economic advantage…. Plaintiffs adequately allege [that state law claim].")

With regard to Count V, while there is no direct Texas authority discussing the independent tort of corporate raiding, other courts have held such a claim to be viable and Texas courts find the conduct alleged here actionable. *See, e.g. Johns-Manville Corp. v. Guardian Indus. Corp.*, 586 F. Supp. 1034, 1075 (E.D. Mich. 1983), amended, No. CIV.A. 81-70248, 1984 WL 63627 (E.D. Mich. Apr. 3, 1984), and aff'd, 770 F.2d 178 (Fed. Cir. 1985); *Aeroquip Corp. v. Chunn*, 526 F. Supp. 1259, 1260 (M.D. Ala. 1981) (discussing settlement at underlying trial on claims for "unfair trade practices, infringement of trade secrets, breach of fiduciary duty, and corporate raiding"). Texas courts expressly recognize the impropriety and illegality of conduct similar to Defendants'. Under Texas common law, a party that engages in business practices which are "contrary to honest practice in industrial or commercial matters" or misappropriates a business opportunity is liable for unfair competition. *See O'Grady v. Twentieth Century Fox*

*Film Corp.*, No. 5:02 CV 173, 2003 WL 24174616, at *16 (E.D. Tex. Dec. 19, 2003) (recognizing liability where plaintiff can establish "Defendants' acts damaged his ability to conduct business"); *See also, Software Sys., Inc. v. Ajuria*, No. 05-99-01338-CV, 2000 Tex. App. LEXIS 5277 at *21-25 (Tex. App.--Dallas Aug. 9, 2000, no pet.) (finding a material issue of fact on tortious interference claim brought by employer against competitor that solicited all four employees working at a particular facility to leave their employment and begin working with the competitor in another city). Accordingly, Defendants' Motion to Dismiss on those grounds should be denied as well.

### III. CONCLUSION

Stryker respectfully requests that this Court enter the proposed Order attached hereto as Exhibit "A" denying Defendants' Motion to Dismiss in its entirety, ordering Defendants to Answer the Complaint within fourteen (14) days, and granting Stryker any other such relief as this Court deems appropriate.

Alternatively, if the Court believes there is any deficiency in the Complaint, Stryker respectfully requests leave to amend and, in particular, if the Court believes Ruggles and Combs should be joined to this matter, the Court can so order and they will be joined.

**DATED:  JUNE 7, 2017**                           Respectfully submitted,

                                                  **HOWMEDICA OSTEONICS CORP.**


                                                  By: /s/       *Jesse M. Coleman*
                                                        Jesse M. Coleman

Michael D. Wexler (*admitted pro hac vice*)
Kevin J. Mahoney ( *admitted pro hac vice*)
SEYFARTH SHAW LLP
233 S. Wacker Dr., Ste. 8000
(312) 460-5000
mwexler@seyfarth.com
kmahoney@seyfarth.com

Jesse M. Coleman (S.D. Texas # 1101514) - Attorney in Charge
SEYFARTH SHAW LLP
700 Milam St., Ste. 1400
Houston, TX 77002
(713) 225-2300
jmcoleman@seyfarth.com


*Attorneys for Plaintiff*
*HOWMEDICA OSTEONICS CORP.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below by the Southern District of Texas ECF method on the 7th day of June, 2017.

John J. Deis (Attorney-in-Charge)
jdeis@hicks-thomas.com
HICKS THOMAS LLP
700 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

Joshua B Fleming
josh.fleming@quarles.com
Admitted PHV
QUARLES & BRADY LLP
135 N. Pennsylvania St., Suite 2400
Indianapolis, IN 46204
Telephone: (317) 957-5000
Facsimile: (317) 957-5014

Attorneys for Defendants
BIOMET SOUTH TEXAS, INC., ZIMMER US,
INC. D/B/A ZIMMER BIOMET, AND BIOMET
ORTHOPEDICS, LLC

                                              */s/ Jesse M. Coleman*
                                                  Jesse M. Coleman